UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | No. 2:26-cv-2121<br><br>DEFENDANT MOTOROLA MOBILITY, LLC'S NOTICE OF REMOVAL<br><br>*From the Washington State Superior Court for King County, No. 26-2-16060-1 SEA* |

**TO:** **Clerk of the Court**

**AND TO:** **All Counsel of Record**

**PLEASE TAKE NOTICE** that Defendant Motorola Mobility, LLC ("Motorola"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the King County Superior Court to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Motorola assumes the truth of Plaintiff's allegations. However, Motorola disputes that Plaintiff is entitled to recover any of the amounts alleged in the Complaint or any amount whatsoever.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 14, 2026, Plaintiff Matthew Wildman filed his Complaint in the King County Superior Court, captioned *Wildman v. Motorola Mobility, LLC*, No. 26-2-16060-1 SEA. A copy of the Complaint is attached as **Exhibit A**.

On May 18, 2026, Plaintiff served the Complaint and Summons on Motorola. The Complaint asserts two claims for relief alleging Motorola violated the Washington Commercial Electronic Mail Act, RCW 19.190.020 *et seq*. ("CEMA"), and the Washington Consumer Protection Act, RCW 19.86.020 *et seq*. ("CPA"). Compl. ¶¶ 110–126. Plaintiff alleges Motorola "sends spam emails to consumers" featuring "urgent subject headings that do not reflect the true availability of the advertised deal." *Id*. ¶¶ 42–43. The Complaint claims that Motorola pairs these "false time pressures with surprise extensions ... [to] compel[] consumers to purchase quickly while withholding terms that consumers need so they can make informed buying decisions." *Id*. ¶ 45. Ultimately, Plaintiff claims that "[t]his misleading marketing strategy" was designed "to maximize sales during both the initial promotion, as well as the subsequent extension" in violation of CEMA and the CPA. *Id*. ¶ 46.

Plaintiff purports to bring this action on behalf of himself and a proposed class consisting of "[a]ll Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." *Id*. ¶ 99.

The Complaint claims that Motorola sent at least three allegedly false or misleading emails to Plaintiff himself, along with eight other prohibited emails to members of the putative class. *Id*. ¶¶ 48–50, 57–59, 63–65, 68–69, 72–76, 79–83.

## II. THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

The Complaint is removable and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453 and the Class Action Fairness Act ("CAFA") because: (1) this case is



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since Motorola and at least one member of the proposed class are citizens of different states; and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B) & (d)(6).

To satisfy CAFA, Motorola must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" meeting the statute's jurisdictional requirements. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). A notice of removal "need not contain evidentiary submissions." *Id.*; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). Thus, while Motorola denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

**A. This is a putative class action in which the proposed class readily exceeds 100 members.**

A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This lawsuit meets that definition, as Plaintiff sues individually and on behalf of a proposed putative class. Compl. ¶ 99.

For removal purposes, CAFA requires that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff defines the putative class as "[a]ll Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." Compl. ¶ 99. The Complaint alleges that "the Class is estimated to minimally contain ***thousands*** of members." *Id.* ¶ 103 (emphasis added). Accordingly, § 1332(d)(5)(B) is satisfied.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**B. There is minimal diversity among the parties.**

"CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal is therefore proper when the defendant's state of citizenship is different from even one proposed class member. *See King*, 903 F.3d at 877; *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). "[I]f an LLC's membership includes other unincorporated associations, like partnerships or additional LLCs, a plaintiff must 'trace[ ] through however many layers of partners or members there may be' until the underlying party's citizenship is established." *Sandhu Farm Inc. v. Ferrosafe LLC*, 2023 WL 1781500, at *1 (W.D. Wash. Feb. 6, 2023).

In this instance, Motorola Mobility, LLC is a Delaware limited liability company. Compl. ¶ 11. Motorola Mobility, LLC's sole member is Motorola Mobility Holdings, LLC, a Delaware limited liability company. The sole member of Motorola Mobility Holdings, LLC is Motorola Mobility Holdings UK Limited, a company incorporated under the laws of England and Wales with its principal place of business in the United Kingdom. The sole member of Motorola Mobility Holdings UK Limited is Lenovo Group Limited, a corporation organized under the laws of Hong Kong with its principal place of business in Beijing, China. Because a corporation is a citizen of its place of incorporation and its principal place of business under 28 U.S.C. § 1332(c)(1), Lenovo Group Limited is considered a citizen of China for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be

a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)).

According to the Complaint, Plaintiff is domiciled in King County, Washington. Compl. ¶ 10. He is therefore a citizen of Washington for purposes of diversity jurisdiction. Thus, because Plaintiff is a citizen of Washington State and Motorola is not, there is diversity of citizenship between Motorola and at least one member of the proposed class, as required for removal. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The amount in controversy exceeds $5 million.**

Motorola denies that Plaintiff or any member of the putative class is entitled to the damages requested in the Complaint. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of CAFA, however, the amount in controversy exceeds $5 million, exclusive of interest and costs, which satisfies the jurisdictional requirement for removal. *See* 28 U.S.C. § 1332(d)(2).

CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Identifying the amount in controversy begins, in the first instance, with the allegations in the Complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a notice of removal must include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

Here, Plaintiff seeks, among other things: (i) statutory damages of $500, per class member, for each email sent in violation of CEMA; (ii) an injunction "permanently [prohibiting] Defendant from the unlawful conduct alleged," (iii) actual or liquidated damages, trebled; and (iv) costs of suit, including attorneys' fees. Compl. ¶ 126 & Prayer for Relief § VIII(B–D). The amount in controversy is therefore far greater than $5 million, even without the expense of an injunction,



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

attorneys' fees, and costs. The Complaint alleges that Motorola sent at least eleven allegedly infringing emails to a putative class that will "minimally contain thousands of members." Compl. ¶ 103. Even assuming that the class contains just 1,000 members—although the Complaint alleges the true size is likely to be far higher—each seeking $500 in statutory violations for eleven separate violations of CEMA, the amount in controversy exceeds $5,000,000 in alleged statutory violations alone.

The total amount in controversy also includes both reasonable attorneys' fees and costs, which are likely to be proportionate to statutory damages and the size of the class, along with the expense associated with any order for injunctive relief. *See also Fritsch v. Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

Here, the cost of complying with any injunction would be significant, since injunctive relief would require Motorola to make permanent changes needed to identify Washington residents, which could also result in impacts on sales. *See* Compl. ¶ 107 & Prayer for Relief § VIII(B) (requesting "permanent[] enjoin[ment of] Defendant from the unlawful conduct alleged"); *see, e.g., Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future sales that would be lost as the result of having to modify purportedly deceptive advertising in determining amount in controversy). As a result, the amount in controversy easily exceeds the $5 million required for removal under CAFA.

## III. REMOVAL VENUE

Removal to the Seattle Division of the Western District of Washington is appropriate because the removed case was pending in the King County Superior Court, which is located within this District and Division. *See* 28 U.S.C. §§ 128(b), 1441(a), 1446(a) & LCR 3(e).

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

Plaintiff served the Complaint and Summons on Motorola on May 18, 2026. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c), true and correct copies of the Complaint and all other process, pleadings, and orders served upon Motorola and/or filed in the King County Superior Court prior to this Notice of Removal are attached as Exhibits A–E:

a. A copy of the Complaint is attached hereto as **Exhibit A.**

b. A copy of the Summons is attached hereto as **Exhibit B**.

c. A copy of the Plaintiff's Case Cover Sheet is attached hereto as **Exhibit C**.

d. A copy of the Plaintiff's Jury Demand is attached hereto as **Exhibit D**.

e. A copy of a King County Superior Court Order Setting Case Schedule is attached as **Exhibit E**.

f. A copy of Plaintiff's Affidavit of Service is attached hereto as **Exhibit F**.

g. A copy of Defendant's Notice of Appearance in the King County Superior Court is attached hereto as **Exhibit G**.

Motorola has not filed an Answer or other response to the Complaint in the King County Superior Court and is not aware of any pending motions filed in that court.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of King County Superior Court, Washington. *See* 28 U.S.C. § 1446(a).

Motorola reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure. Motorola also reserves the right to amend or supplement this Notice of Removal.

## V. CONCLUSION

Motorola Mobility, LLC respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the King County Superior Court.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Dated: June 17, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*

Anthony Todaro, WSBA No. 30391
David Freeburg, WSBA No. 48935
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4800
E-mail: *Anthony.Todaro@us.dlapiper.com*
E-mail: *David.Freeburg@us.dlapiper.com*
E-mail: *Danielle.Igbokwe@us.dlapiper.com*

*Attorneys for Defendant Motorola Mobility, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>STRAUSS BORRELLI, LLP<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>COHENMALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>E-mail: ltoops@cohenmalad.com<br>E-mail: nlyons@cohenmalad.com<br>E-mail: ibensberg@cohenmalad.com<br>Phone: (317) 636-6481<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>STRANCH, JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>E-mail: gstranch@stranchlaw.com<br>E-mail: mtackeff@stranchlaw.com<br>E-mail: amurray@stranchlaw.com<br>Phone: (615) 254-8801<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 17th day of June, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

# EXHIBIT A

FILED
2026 MAY 14 02:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Case No.: ______________________ SEA<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Matthew Wildman, on his own behalf and on behalf of others similarly situated, on information and belief except to his own experiences and matters of public record, complains of Defendant Motorola Mobility, LLC, ("Motorola") as follows:

## I. INTRODUCTION

1. In 1998, to protect Washington consumers from the annoyance and harassment caused by the burgeoning spam email industry, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code of Washington (RCW).

2. Among other things, CEMA prohibits transmitting a commercial email with "false or misleading information in the subject line" to the email address of a Washington resident. RCW



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

19.190.020(1)(b).

3. Defendant Motorola engages in the precise activity which CEMA prohibits.

4. Motorola engages Washington consumers, including Plaintiff, with commercial emails featuring subject lines which employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

5. This false urgency wastes consumers' time by enticing them to engage with the defendant's marketing efforts for fear of missing out. It also floods consumers' email inboxes with repeated false notifications that the time to act—*i.e.*, *purchase*—is short.

6. Through this deceptive time-sensitivity, Motorola falsely narrows the field—steering consumers away from shopping for better deals—to its own products that must be purchased *now*.

7. Plaintiff challenges Motorola's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction of this case under RCW 2.08.010.

9. Venue is proper in King County under RCW 4.12.020(3) because Plaintiff's cause of action or some part of it arose in King County.

## III. PARTIES

10. Plaintiff Matthew Wildman is a resident of King County, Washington.

11. Defendant Motorola Mobility, LLC has a principal place of business of 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, IL 60654, and a registered agent of CT Corporation



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

System, 208 SO LASALLE ST, Suite 814, Chicago, ILL 60604-1101.

12. Defendant sells its products in Washington through their website and are thus subject to personal jurisdiction in this Court. *See, e.g.*, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021).

## IV. FACTUAL ALLEGATIONS

### A. CEMA protects Washington consumers from deceptive spam emails.

13. The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

14. In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

15. While it's been nearly three decades since CEMA's enactment, the problems caused by unsolicited commercial email, *i.e.* spam email, have grown exponentially.

16. The problems, however, are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

17. In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

18. In 2012, one study estimated that Americans bear "costs of almost $20 billion annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

19. Even when bulk commercial email marketers are operating under color of consumer



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice" approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent: An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

20. Consumers therefore routinely "consent" to receive flurries of commercial emails which they did not meaningfully request and in which they have no genuine interest.

21. This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

22. Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

23. The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting among other things commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

24. CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

25. CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

26. CEMA's "truthfulness requirements" thereby advance the statute's aim of



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*

27. CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025).

28. CEMA's protections do not depend on whether an email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

29. The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B. The subject lines of Motorola's marketing emails make false time scarcity claims.**

30. One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

31. The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light*, *supra* para. 30, at 22.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

32. “False or misleading scarcity claims can change the behaviour of consumers.” *Online Choice Architecture*, *supra* para. 30, at 27.

33. Representations about the timing and duration of sales, discounts, and other special offers are fundamentally representations about prices, and such representations matter to ordinary consumers. *See, e.g.*, Huiliang Zhao *et al.*, *Impact of Pricing and Product Information on Consumer Buying Behavior with Customer Satisfaction in a Mediating Role*, 12 Frontiers in Psychology 720151 (2021), *available at* https://pmc.ncbi.nlm.nih.gov/articles/PMC8710754/pdf/fpsyg-12-720151.pdf/.

34. False scarcity claims are psychologically effective. As “considerable evidence” suggests, “consumers react to scarcity and divert their attention to information where they might miss opportunities.” *Online Choice Architecture*, *supra* para. 30, at 26.

35. Invoking this time pressure achieves a seller’s aim to narrow the field of competitive products and deals, by “induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit.” *Id.*

36. Under time pressure, “consumers might take up an offer to minimise the uncertainty of passing it up.” *Id.*

37. False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller’s benefit*.

38. Indeed, one 2019 study found that “customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited.” *Id.* at 27.

39. False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, “meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information.” *Id.*



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

40. These false time scarcity claims are a staple of Motorola's email scheme to compel consumers to purchase its products.

41. Motorola is a consumer electronics retailer and manufacturer of smart phones, smart products like wearable tech, tech accessories, and related software and support systems and services.

42. To advertise the products, accessories, and other offers available on its website, Motorola sends spam emails to consumers.

43. **Urgent Spam Emails.** Unfortunately for those recipients, Motorola regularly titles its emails with urgent subject headings that do not reflect the true availability of the advertised deal. This strategy is demonstrated in the examples discussed below.

44. Motorola has tailored its approach to fit a variety of offers, including promotion extensions. In these examples, Motorola sends consumers emails to advertise an offer, promotion, or sale and represents in the subject headings of those emails that the promotion will end imminently. These emails present the promotional pricing as a scarce or time-limited opportunity. This strategy commands consumers' attention and pressures them to purchase from Motorola's website. Finally, once the originally advertised "deadline" has passed, Motorola knowingly extends the promotion to a new end date.

45. While Motorola may present these extensions as though they are a favor or some unexpected blessing to consumers, they are anything but. By pairing false time pressures with surprise extensions—which are only disclosed once the original promotion has ended—Motorola compels consumers to purchase quickly while withholding terms that consumers need so they can make informed buying decisions.

46. This misleading marketing strategy allows Motorola to maximize sales during both



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

the initial promotion, as well as the subsequent extension.

47. A 2024 promotion provides an apt example of this strategy at work.

48. On December 2, 2024, Motorola sent a commercial email to consumers with the subject heading: "ONE DAY ONLY! Cyber Monday 📱" Inside, a banner running across the body of the email repeated in the urgent warning in large text: "ONE DAY ONLY!"

49. But the promotion wasn't ending that day.

50. A few days later, on December 4, 2024, Motorola sent another commercial email with the subject heading: "EXTENDED! Cyber Monday Savings 💸"

51. The information contained within the subject heading of the December 2, 2024, email was false and misleading. By warning consumers that it was their last chance to participate in the promotion, Motorola draws the consumer in using false urgency premised upon the false deadline.

52. December 2, 2024, was not the only day to obtain this promotion. The information contained in the subject heading of the December 2, 2024 email was false and misleading. The subject heading of the December 4, 2024 email confirms the falsity of the subject line sent on December 2, 2024.

53. The heading of the second email confirmed that the promotion would continue beyond the deadline that Motorola previously, and unambiguously, communicated to consumers in its December 2, 2024, subject line.

54. Thus, after warning consumers that the opportunity was ending, Motorola extended the sale, thereby proving the falsity of its December 2, 2024, subject line. Consumers in receipt of the December 2 email were not at risk of missing the offer because Motorola did not end the sale on December 2, as it originally advertised. The false deadline and the false time scarcity presented



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

in the December 2 subject line are key elements in Motorola's cohesive marketing strategy. These tactics are a coordinated marketing strategy designed on the front end and meant to compel consumers to purchase products from Motorola's website.

55. The subject headings of these emails are designed for a busy consumer skimming their inbox. They draw the consumer in with false information that Motorola knows to be inaccurate when it sends the initial email.

56. Motorola continued this strategy in 2025.

57. In an example from February 28, 2025, Motorola sent a commercial email to consumers with the subject heading: "Last Call: Iconic Deals Ending Soon! 🚨" The email advertised "red carpet deals" and stated "This is your last chance to get up to $300 off our fashionable smartphone!" The words "last chance" were italicized in red text against a black background.

58. But it was not "last call" for this promotion.

59. On March 5, 2025, Motorola sent another commercial email with the subject heading: "These deals are still blooming 🌼" The body of the email advertised a promotion stating, "Get up to $350 off a new smartphone for spring."

60. The first email contained information in its subject heading that was false and misleading. The language in the subject heading is designed by Motorola to gin up consumer urgency when the promotion is not actually ending imminently. The information in the subject heading misleads the consumer into thinking that to obtain the value of the promotion, they must act *now*. The emails on February 28 and March 5 concern the same promotion on the same product. It was not a consumer's "last chance" or "last call" to act on February 28, because a similar if not better promotion was available mere days later.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

61. All of this is part of a coordinated marketing strategy to gin up urgency where there is none and create a mindset for consumers that they must act quickly to obtain a certain promotion that is not, in fact, ending when Motorola says it is.

62. Motorola remained dialed into its deceptive strategy a few months later.

63. On April 18, 2025, Motorola sent a commercial email to consumers with the subject heading: "Final Call on these spring deals 📞 🌷" Within the email, large text appearing at the top announced, "FINAL CALL UP TO $400 OFF." Further down, additional text warned, "This is the last chance to spring on these deals. Get up to $400 off the season's hottest phones." Then, in small text at the bottom of the email, Motorola specified the deals included in the promotion: "$200 off motorola razr+ 2024 and up to $100 off with trade-in. $350 off Motorola razr - 2023, as low as $1 with trade-in and up to 20% off Moto Care. $30 off moto g 5G - 2024 and up to 15% off Moto Care. $20 off moto g play - 2024 and up to 15% off Moto Care. $400 off Motorola edge+ 2023 and as low as $1 with trade-in. $90 off moto g power 5G - 2024 and up to 15% off Moto Care."

64. But it wasn't the "final call" for these deals.

65. On April 21, 2025, Motorola sent another commercial email with the subject heading: "New Blooms 🌼 UP TO $400 OFF" Again, the first text greeting consumers within the email was Defendant's announcement of "UP TO $400 OFF[.]" Additional text confirmed that Motorola had "extended" the sale. Then, within fine print at the bottom of the email, Motorola specified the offered deals. Much like the April 18, 2024, email, the April 21 promotion included the "$200 off motorola razr+ 2024 and an extra $100 off with trade-in" and "$400 off motorola edge+ 2023 and as low as $1 with trade-in" offers.

66. Thus, the subject heading of the April 18, 2025 email was false and misleading. The promotion was not ending imminently, and in fact, deals referenced in the April 18 subject line



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

continued for days after the original deadline was communicated to consumers as ending imminently.

67. Motorola was at it again this year.

68. On January 23, 2026, Motorola transmitted a commercial email to consumers with the subject heading: "Final call on these frosty finds ☃️ 📞"

69. The body of the email reiterated "FINAL CALL" in all-caps, stating that the offers to get $500 off a new phone would end January 25, 2026. Fine print at the bottom of the email indicated that the promotion would last until January 25, 2026, at 11:59pn CST. The email also detailed the products included in the sale. For example, a motorola razr ultra (1TB) was offered for $500 off and a moto g power 5G – 2024 was offered at $129.99.

70. But it wasn't the final call for this promotion.

71. The promotion did not end on January 25.

72. On January 27, 2026, Motorola spammed consumers again with a commercial email with the subject heading: " 🚨 12 HOURS LEFT 🚨 "

73. The red alarm emoji heighten the false sense of urgency created by Motorola.

74. The body of the January 27, 2026 email advertised the same promotion - $500 off winter bundles and new phones. The fine print at the bottom of the email indicated the promotion would end on January 27, 2026 at 11:59pm. The email also offered the same pricing on the motorola razr ultra (1TB) and moto g power 5G – 2024 phones that were advertised in the January 23, 2026, email.

75. But there wasn't twelve hours left on this deal.

76. On January 28, 2026, Motorola sent another commercial email with the subject heading: "JUST LANDED: New winter deals ☃️ ✨"



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

77. The body of the January 28, 2026 email advertised $700 off new phones and winter deals, including $700 off a motorola razr ulta (1TB) (priced at $799.99) and $170 off a moto g power 5G – 2024 (priced at $129.99).

78. A consumer in receipt of the January 25 and 27, 2026, emails was better off waiting for the pricing on January 28. The information in the subject headings of the January 25 and 27 emails was false and misleading. It ginned up urgency where there was none as part of a cohesive marketing scheme to make consumers think promotions were ending imminently when they were not. And the "new winter deal" on the moto g power 5G – 2024 was in fact the same promotional pricing included in the earlier emails – the promotion had not ended on that item.

79. Similarly, on February 5, 2026, Motorola sent a commercial email to consumers with the subject heading: "Our Valentine's bundle won't wait 💘 ⏰"

80. The information in the subject heading of the February 5 email was false and misleading.

81. On February 9, 2026, Motorola sent another commercial email to consumers with the subject heading: "DEAL EXTENDED 📢 $700 off motorola razr ultra 1TB"

82. The body of the email contained Valentine's Day themed colors and an image of a cake in the shape of a heart with the text: "From: Moto To: You."

83. The February 9 email confirmed the falsity of the information in the subject heading of the February 5 email.

84. The information in the examples above communicated by Motorola to consumers in the subject headings of its commercial emails was false and misleading – it was not the last chance for consumers to obtain the promotion. Motorola misrepresented the duration and availability of the promotions.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

85. As the subject lines of its marketing emails demonstrate, Motorola employs a strategy where it pressures consumers to make purchases from its website by falsely representing the limited availability of its offers.

**C. Motorola knows when it sends emails to Washington residents.**

86. A sophisticated commercial enterprise, like Motorola, which is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

87. First, the sheer volume of email marketing that Motorola engages in put it on notice that Washington residents would receive its emails.

88. Second, Motorola may obtain location information tied to email addresses when consumers make purchases from Motorola through digital platforms, or otherwise self-report such information to Motorola.

89. Third, Motorola may obtain location information tied to email addresses by tracking the IP addresses of devices used to open Motorola emails, which in turn can be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

90. Specifically, Motorola appears to use third-party applications to manage its email marketing campaigns, including Salesforce. These platforms should allow Motorola to access a list of every email address that was sent a marketing email. It should also allow Motorola to determine which email recipients viewed the emails and who clicked on any links within them.

91. Fourth, Motorola may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

identifiers.

92. Fifth, Motorola may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

93. Sixth, Motorola may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

94. It is thus highly probable that a seller of Motorola's size and sophistication employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

**D. Motorola violated Plaintiff's right under CEMA to be free from deceptive commercial emails.**

95. Motorola has spammed Plaintiff with commercial emails whose subject lines contain false or misleading statements in violation of his right to be free from such annoyance and harassment under CEMA.

96. For example, Plaintiff received an email containing false or misleading subject lines sent by Motorola as described above in Section B, including:

a. The December 2, 2024 email with the subject heading: "ONE DAY ONLY! Cyber Monday 📱" as discussed in paragraphs 47 through 55.

b. The April 18, 2025 email with the subject heading "Final Call on these spring deals 📞 🌷" as discussed in paragraphs 62 through 66.

c. The January 27, 2026 email with the subject heading: "🚨 12 HOURS



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

LEFT 🚨 ” as discussed in paragraphs 67 through 78.

97. The subject lines of these emails are false or misleading in violation of CEMA as described above.

98. These subject lines contained false statements of fact as to the “duration or availability of a promotion.” *Brown*, 567 P.3d at 47.

## V. CLASS ALLEGATIONS

99. Plaintiff brings this action under Civil Rule 23 on behalf of the following putative class (“Class”):

> All Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant’s assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion..

100. Excluded from this definition of the Class are Defendant’s officers, directors, and employees; Defendant’s parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this action may be assigned, as well as their immediate family members.

101. The Class Period extends from the date four years before this Class Action Complaint is filed to the date a class certification order is entered in this action.

102. Plaintiff reserves the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.

103. The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members.

104. There are questions of law or fact common to the class, including without limitation



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

whether Defendant sent commercial emails containing false or misleading information in the subject line; whether Defendant sent such emails to email addresses it knew or had to reason to know were held by Washington residents; whether Defendant's conduct violated CEMA; whether Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act, RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

105. Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff and Class members share the same statutory rights under CEMA and the CPA, which Defendant violated in the same way by the uniform false or misleading marketing messages it sent to all putative members.

106. Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; has no interest adverse to the Class; and has retained competent counsel extensively experienced in consumer protection and class action litigation.

107. Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiff and the Class, which violate CEMA and the CPA in the same way, and from which it may be enjoined as to Plaintiff and all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

108. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class member and that Class member's resulting damages.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

109. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation and management of this action as a class presents no special difficulties.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

110. Plaintiff incorporates and realleges paragraphs 1–98 above.

111. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

112. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

113. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

114. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiff and putative members were Washington residents through "information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address". RCW 19.190.020(b)(2).



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

115. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

116. For Defendant's violation of CEMA, Plaintiff is entitled to all available relief, including an injunction against further violations.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

117. Plaintiff incorporates and realleges paragraphs 1–98 above.

118. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

119. A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

120. A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

121. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

122. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

123. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

124. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.

125. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

126. For Defendant's violation of the CPA, Plaintiff and putative members are entitled to an injunction against further violations; the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

## VII. JURY DEMAND

127. Plaintiff will demand a jury trial by separate document in accordance with Local Civil Rule 38(b).

## VIII. PRAYER FOR RELIEF

Plaintiff asks the Court to:

A. Certify the proposed Class, appoint Plaintiff as Class representative, and appoint undersigned counsel as Class counsel;

B. Enter a judgment in Plaintiff's and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged;

C. Enter a judgment in Plaintiff's and the Class's favor awarding actual or liquidated damages, trebled, according to proof;

D. Award Plaintiff costs of suit, including reasonable attorneys' fees; and



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

E. Order such further relief the Court finds appropriate.

Date: May 14, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

# EXHIBIT B

FILED
2026 MAY 14 02:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Case No.: ________________________ SEA<br><br>SUMMONS |

**TO: KING COUNTY SUPERIOR COURT CLERK**
**AND TO: MOTOROLA MOBILITY, LLC**

A lawsuit has been started against you in the above-entitled court by Plaintiff Matthew Wildman, on his own behalf and on behalf of others similarly situated, by and through his attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date: May 14, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

## NOTICE RE:MILITARY SERVICE MEMBERS

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

# EXHIBIT C

FILED
2026 MAY 14 02:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**
**(CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** ______________________________
(Provided by the Clerk)

**CASE CAPTION:** *Wildman v. Motorola Mobility, LLC*

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

Please mark one of the boxes below:

☒ **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐ **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

| Signature of Attorney | WSBA #46971<br>WSBA Number | May 14, 2026<br>Date |
|---|---|---|

or

______________________________ ______________
Signature of person who is starting case Date

______________________________
Address, City, State, Zip Code of person who is starting case if not represented by attorney

# KING COUNTY SUPERIOR COURT
# CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET

## CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**ELECTIONS**

☐ Non-Financial Enforcement (NFE2)

(Filed by the Prosecutors or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

(Action filed if any persons are dissatisfied with the ballot title for a local ballot measure pursuant to RCW 29A.36.)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the Prosecutor or Attorney General pursuant to RCW 29A.56)

☐ Subdivision Election Process Review (SER 2)*

(Action filed by a political subdivision seeking acknowledgement of compliance pursuant to RCW 29A.92.)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act pursuant to RCW 29A.92.080 or 29A.92.090 )

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4/24/130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4/24/130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☒ **Consumer Protection Act (CPA 2)***

**(Complaint involving unfair and deceptive acts or practices.)**

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Employment (EMP 2)*

(Complaint regarding compliance with public employers sharing employee information with bargaining representatives.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Financial Enforcement (NFE2)

(Filed by the PA or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Prorate Fuel Tax Subpoena (PFT 2)

(Subpoena-Actions filed under Chapt. 82.42 RCW for exparte orders for fuel tax collection violation investigation subpoenas.)

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the PA or AG pursuant to RCW 29A.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*
(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.)

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.) RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

# EXHIBIT D

FILED
2026 MAY 14 02:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Case No.: ______________________ SEA<br><br>JURY DEMAND<br>(12-PERSON) |

Plaintiff Matthew Wildman, by and through his attorneys, individually and on behalf of all others similarly situated, hereby demands a trial by a twelve-person jury in the above-entitled action upon all issues.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date: May 14, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

# EXHIBIT E

FILED
2026 MAY 14 02:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| MATTHEW WILDMAN<br><br>Plaintiff(s)<br>vs<br><br>MOTOROLA MOBILITY LLC<br><br>Defendant(s) | No. 26-2-16060-1 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Monica Cary, Dept. 03**<br><br>FILED DATE: 05/14/2026<br>TRIAL DATE:05/17/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 05/14/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*].<br>**$250 arbitration fee must be paid** | 10/22/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2*]. | 10/22/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 11/05/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 12/14/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 01/25/2027 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 02/08/2027 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 02/08/2027 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 03/29/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 04/19/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 04/26/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 04/26/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 05/03/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 05/10/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 05/10/2027 |
| | Trial Date [*See KCLCR 40*]. | 05/17/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 05/14/2026

Averil Rothrock

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state “Without Oral Argument.” Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court’s local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk’s Office.** Please see information on the Clerk’s Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk’s Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge’s working copies must be delivered to his/her courtroom or the Judges’ mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk’s office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk’s eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk’s office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge’s website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

Averil Rothrock

PRESIDING JUDGE

# EXHIBIT F

FILED
2026 MAY 20 09:39 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING

**MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,**
*Plaintiff(s) / Petitioner(s)*

v.

**MOTOROLA MOBILITY LLC**
*Defendant(s) / Respondent(s)*

Case No.: 26-2-16060-1 SEA

**AFFIDAVIT OF SERVICE**

I, Noe Ramirez, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to MOTOROLA MOBILITY, LLC in Cook County, IL on May 18, 2026 at 2:30 pm at 208 S LaSalle St, Chicago, IL 60604, 814, Chicago, IL 60604-1101 by leaving the following documents with Tyshaun Meeks who as Intake Specialist at CT Corp is authorized by appointment or by law to receive service of process for MOTOROLA MOBILITY, LLC.

CASE INFORMATION COVER SHEET AND AREA DESIGNATION
CLASS ACTION COMPLAINT
ORDER SETTING CIVIL CASE SCHEDULE
SUMMONS
JURY DEMAND
CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
Race: Black or African American, Sex: Male, Est. Age: 35-44, Hair: Black, Glasses: N, Est. Weight: 220 lbs to 240 lbs, Est. Height: 6' to 6' 3".
Geolocation of Serve: https://google.com/maps?q=41.8790172,-87.6323254

Photograph: See Exhibit 1

Total Cost: $98.50

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

/s/ Noe Ramirez

Signature
Noe Ramirez
+1 (708) 646-1070

Executed in Cook County, IL on 5/20/2026.


Exhibit 1a)
NOTICE
PULL


Exhibit 1b)
CT Corporation
Wolters Kluwer


Exhibit 1c)

# EXHIBIT G

FILED
2026 JUN 03 09:23 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-16060-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MATTHEW WILDMAN,<br>Plaintiff,<br>v.<br>MOTOROLA MOBILITY LLC,<br>Defendant. | Case No. 26-2-16060-1 SEA<br>**NOTICE OF APPEARANCE FOR DEFENDANT MOTOROLA MOBILITY LLC** |

TO: Clerk of the Court

AND TO: All Counsel of Record

PLEASE TAKE NOTICE that Anthony Todaro, WSBA No. 30391, David Freeburg, WSBA No. 48935, and Danielle Igbokwe, WSBA No. 62714, of DLA Piper LLP (US), hereby enter their appearance as counsel of record for Defendant Motorola Mobility LLC (“Defendant”) and request that all papers and pleadings, except for original process, in this case be served at the address stated below. Defendant hereby specifically reserves all defenses, including defenses related to the insufficiency of process, insufficiency of service of process, and personal jurisdiction.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

Dated: June 3, 2026

**DLA PIPER LLP (US)**

*By: s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*By: s/ David Freeburg*
David Freeburg, WSBA No. 48935
*By: s/ Danielle Igbokwe*
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4800
E-mail: *Anthony.Todaro@us.dlapiper.com*
E-mail: *David.Freeburg@us.dlapiper.com*
E-mail: *Danielle.Igbokwe@us.dlapiper.com*

*Attorneys for Defendant Motorola Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>STRAUSS BORRELLI, LLP<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br>Facsimile: (872) 263-1109<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>**COHENMALAD, LLP**<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>E-mail: ltoops@cohenmalad.com<br>E-mail: nlyons@cohenmalad.com<br>E-mail: ibensberg@cohenmalad.com<br>Phone: (317) 636-6481<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Gerard J. Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>**STRANCH, JENNINGS & GARVEY, PLLC**<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>E-mail: gstranch@stranchlaw.com<br>E-mail: mtackeff@stranchlaw.com<br>E-mail: amurray@stranchlaw.com<br>Phone: (615) 254-8801<br><br>*Attorneys for Plaintiff Matthew Wildman* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 3rd day of June, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800