The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW WILDMAN, on his own behalf
and on behalf of others similarly situated,

            Plaintiff,

   v.

MOTOROLA MOBILITY LLC,

            Defendant.

Case No. 2:26-cv-2121

**DEFENDANT MOTOROLA MOBILITY
LLC'S MOTION TO DISMISS**

**NOTED ON MOTION CALENDAR:
August 21, 2026**

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

# TABLE OF CONTENTS

I.    INTRODUCTION AND RELIEF REQUESTED ........................................................... 1

II.   BACKGROUND ......................................................................................................... 2

III.  ARGUMENT ............................................................................................................. 4

    A.    Plaintiff does not state a valid CEMA claim regarding each of the emails challenged in his Complaint .......................................................................................4

        1.    Plaintiff's claims are subject to the heightened pleading standards of Rule 9(b) .........................................................................................................6

        2.    The Complaint does not allege that Plaintiff was a Washington resident on the date Motorola sent the challenged emails .........................................................8

        3.    Plaintiff cannot state a CEMA claim regarding the three emails he did not receive .........................................................................................................8

        4.    The Complaint does not allege that any of Motorola's subject lines were actionably false or misleading .................................................................................10

            (a)    Plaintiff does not state a claim regarding Motorola's December 2, 2024 subject line .................................................................................10

            (b)    Plaintiff does not state a claim regarding Motorola's February 28, 2025 subject line .................................................................................12

            (c)    Plaintiff does not state a claim regarding Motorola's April 18, 2025 subject line .................................................................................14

            (d)    Plaintiff does not state a claim regarding Motorola's January 23, 2026 or January 27, 2026 subject lines .................................................................17

            (e)    Plaintiff does not state a claim regarding Motorola's February 5, 2026 subject line .................................................................................20

    B.    The Complaint's CPA claim is wholly derivative and should be dismissed ...............23

IV.   CONCLUSION ......................................................................................................... 24

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - *i*
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.H. Lundberg Associates, Inc. v. TSI, Inc.*,
  2014 WL 5365514 (W.D. Wash. Oct. 21, 2014) .............................................................13, 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................6, 8, 21, 23

*Babb v. Regal Marine Indus., Inc.*,
  179 Wn. App. 1036 (2014) ........................................................................................20

*Brown v. Old Navy, LLC*,
  4 W.3d 580, 589, 567 P.3d 38 (2025)........................................1, 5, 9, 10, 13, 17, 20

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .....................................................................................7

*In re Century Aluminum Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) .........................................................................1, 6, 20

*Chen v. Sur La Table*,
  655 F.Supp.3d 1082 (W.D. Wash.)............................................................................23

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
  911 F.2d 242 (9th Cir. 1990) .....................................................................................12

*Cruz v. Kate Spade & Co., LLC*,
  2020 WL 5848095 (D. Nev. Sept. 30, 2020) .............................................................19

*Dvornekovic v. Looney*,
  2013 WL 6571935 (W.D. Wash. Dec. 13, 2013) .........................................................7

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) .....................................................................................7

*Fid. Mortg. Corp. v. Seattle Times Co.*,
  213 F.R.D. 573 (W.D. Wash. 2003) ............................................................................7

*Gordon v. Virtumundo, Inc.*,
  2006 WL 3873368 (W.D. Wash. Dec. 8, 2006) ...........................................2, 7, 9, 23

*Haskell v. Time, Inc.*,
  857 F. Supp. 1392 (E.D. Cal. 1994)..........................................................5, 12, 17, 20

DEFENDANT MOTOROLA FASHION USA, INC.'S
MOTION TO DISMISS - *ii*
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*Hedrick v. BSH Home Appliances Corp.*,
   2024 WL 2190984 (C.D. Cal. May 14, 2024) ...................................................................9

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
   146 S. Ct. 1391 (2026) ......................................................................................................6

*Hoffman v. One Techs., LLC*,
   2017 WL 176222 (W.D. Wash. Jan. 17, 2017)...................................................................9

*Isomedia, Inc. v. Spectrum Direct, Inc.*,
   2009 WL 10676391 (W.D. Wash. May 27, 2009)......................................................9, 14, 23

*Keating v. Nordstrom, Inc.*,
   2018 WL 6431879 (D. Alaska Oct. 19, 2018) .................................................................17

*Ledesma v. Hismile, Inc.*,
   2026 WL 1146742 (N.D. Cal. Apr. 28, 2026) ..................................................5, 12, 13, 15, 17

*Lierboe v. State Farm Mutual Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ..........................................................................................9

*Littlefield v. United States*,
   927 F.2d 1099 (9th Cir. 1991) ........................................................................................11

*Marks v. United Parks & Resorts, Inc.*,
   2025 WL 2767941 (S.D. Cal. Sept. 26, 2025)............................................................13, 15, 21

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ...........................................................................21

*Meade v. Profusion Cosmetics Corp.*,
   2026 WL 2098093 (W.D. Wash. July 16, 2026) ............................................................24

*In re Meta Pixel Tax Filing Cases*,
   724 F. Supp. 3d 987 (N.D. Cal. 2024) ..............................................................................9

*Minick v. Tate & Kirlin Assocs.*,
   2005 WL 1566548 (N.D. Cal. July 5, 2005)...................................................................16

*Momtazee v. Fed. Ins. Co.*,
   2025 WL 3190788 (C.D. Cal. Sept. 30, 2025) ...............................................................21

*Nemykina v. Old Navy, LLC*,
   461 F. Supp. 3d 1054 (W.D. Wash. 2020).........................................................................6

*Newcal Indus. v. Ikon Office Sol.*,
   513 F.3d 1038 (9th Cir. 2008) ..........................................................................................5

DEFENDANT MOTOROLA FASHION USA, INC.'S
MOTION TO DISMISS - *iii*
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*Perez v. Bath & Body Works, LLC*,
    2022 WL 2756670 (N.D. Cal. July 14, 2022)................................................................12

*Quinstreet, Inc. v. Ferguson*,
    2009 WL 168112 (W.D. Wash. Jan. 23, 2009)..............................................................7, 9

*Retail Wholesale v. Hewlett-Packard*,
    845 F.3d 1268 (9th Cir. 2017) ........................................................................................5

*Sauk-Suiattle Indian Tribe v. City of Seattle*,
    25 Wn.App.2d 741, 749 (2023) .......................................................................................5

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997) .......................................................................................12

*Sperling v. DSW*,
    699 Fed. Appx. 654 (9th Cir. 2017)..................................................................................6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .........................................................................................14

*State v. Heckel*,
    122 Wn. App. 60, 93 P.3d 189 (2004) ............................................................................10

*Tempest v. Safeway, Inc.*,
    2025 WL 3171581 (N.D. Cal. Nov. 13, 2025) ..................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .........................................................................................6

*Water & Sanitation Health, Inc. v. Rainforest All., Inc.*,
    2015 WL 12657110 (W.D. Wash. Dec. 29, 2015) ..........................................................6, 7

*Wick v. Twilio Inc.*,
    2017 WL 2964855 (W.D. Wash. July 12, 2017) ..............................................................23

*Yumul v. Smart Balance, Inc.*,
    733 F.Supp.2d 1117 (C.D. Cal. 2010) ..............................................................................7

**Statutes**

RCW 19.86.020 *et seq.* ...............................................................................................................2

RCW 19.190.020 ...................................................................................................1, 2, 4, 8

RCW 19.190.040 .....................................................................................................................8

RCW 19.190.090 .....................................................................................................................8

DEFENDANT MOTOROLA FASHION USA, INC.'S
MOTION TO DISMISS - *iv*
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## I.     <u>INTRODUCTION AND RELIEF REQUESTED</u>

Plaintiff Matthew Wildman ("Plaintiff") alleges that Defendant Motorola Mobility LLC ("Motorola") is liable under a strict liability theory awarding $500 in statutory damages to him and a putative class of Washington residents under a provision of the Washington Commercial Electronic Mail Act ("CEMA") regulating "false or misleading information in the subject line" of commercial emails. RCW 19.190.020(1). Plaintiff is wrong.

Plaintiff argues Motorola has violated both CEMA and Washington's Consumer Protection Act ("CPA") by sending six emails with purportedly vague and subjective subject lines that, according to Plaintiff, were contradicted by statements in five other emails. But Plaintiff does not allege that any of the original subject lines were actionably false, and certainly not with the particularity required by Rule 9(b), since the subject lines contain inherently subjective statements like "Ending Soon" that are puffery as a matter of law.

Rather than evaluating "the subject line alone," as required by CEMA, Plaintiff's theory requires the Court to assume that Motorola's brief subject lines say things they do not, by making assumptions about other statements found outside the subject lines themselves. *Brown v. Old Navy, LLC*, 4 W.3d 580, 589, 567 P.3d 38 (2025). But that contradicts the Washington Supreme Court's instruction that "deciding whether a subject line is misleading requires evaluating the subject line alone because CEMA does not regulate the body of the e-mail, only the subject line." *Id.* (quotations omitted). It also contradicts the Ninth Circuit's guidance that a statement is only actionable when *every* reasonable interpretation of the words is objectively false. *In re Century Aluminum Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). As a result of Plaintiff's failure to meet these standards, the Complaint does not identify an actionable misrepresentation in any of the six emails challenged in his Complaint.

Remarkably, Plaintiff does not even allege that he received three of the challenged emails, which requires dismissal as a matter of course. Likewise, Plaintiff failed to allege that he was a Washington resident when each of these emails was sent, therefore failing to satisfy an essential

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 1
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

element of RCW 19.190.020. For all of these reasons, the Complaint does not state a claim for which relief can be granted and it should be dismissed, with prejudice, under Rule 12(b)(6).

## II.    <u>BACKGROUND</u>

The Complaint asserts two claims for relief alleging Motorola violated CEMA, RCW 19.190.020 *et seq.*, and the CPA, RCW 19.86.020 *et seq*. Compl. ¶¶ 110–126. Plaintiff alleges Motorola violated these statutes by "send[ing] spam emails to consumers" with deliberately false statements in the subject lines featuring "urgent subject headings that do not reflect the true availability of the advertised deal." *Id.* ¶¶ 42–43. The Complaint claims that Motorola pairs these "false time pressures with surprise extensions ... [to] compel[] consumers to purchase quickly while withholding terms that consumers need so they can make informed buying decisions." *Id.* ¶ 45. Ultimately, Plaintiff claims that "[t]his misleading marketing strategy" was designed "to maximize sales during both the initial promotion, as well as the subsequent extension," in violation of CEMA and the CPA. *Id.* ¶ 46.

Plaintiff purports to bring this action on behalf of himself and a proposed class consisting of "[a]ll Washington residents who, during the Class Period, received a commercial email [from Motorola] … that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." *Id.* ¶ 99. The Complaint is based on eleven emails sent by Motorola, including six whose subject lines Plaintiff claims were false or misleading. Compl. ¶¶ 48-81.[1] Plaintiff claims that the six challenged emails were each followed by another email, shortly thereafter, revealing that the earlier subject lines were supposedly false and misleading. The six challenged emails are:

---

[1] A table describing these emails is provided in ¶ 5 of the Declaration of David Freeburg ("Freeburg Declaration"). The Court should consider these emails while ruling on this Motion because they are specifically referenced in, and form the basis of, the Complaint. *Gordon v. Virtumundo, Inc.*, 2006 WL 3873368, at \*4 (W.D. Wash. Dec. 8, 2006) ("This Court can consider these e-mails in deciding Defendants' motion because they form the basis of Plaintiffs' Complaint.") (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 2
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

(1) A December 2, 2024 email with the subject: "ONE DAY ONLY! Cyber Monday." *Id*. ¶¶ 48 and 96. Plaintiff claims this subject was contradicted by a December 4, 2024 email with the subject: "EXTENDED! Cyber Monday Savings." *Id*. ¶ 50.

(2) A February 28, 2025 email with the subject: "Last Call: Iconic Deals Ending Soon!" *Id*. ¶ 57. Plaintiff claims this subject was contradicted by a March 5, 2025 email with the subject: "These deals are still blooming." *Id*. ¶ 59.

(3) An April 18, 2025 email with the subject: "Final Call on these spring deals." *Id*. ¶¶ 63 and 96. Plaintiff claims this subject was contradicted by an April 21, 2025 email with the subject: "New Blooms: Up to $400 Off." *Id*. ¶¶ 65.

(4 & 5) A January 23, 2026 email with the subject: "Final call on these frosty finds," and a January 27, 2026 email with the subject: "12 HOURS LEFT." *Id*. ¶¶ 68 and 72. Plaintiff claims that both of these subjects were contradicted by a January 28, 2026 email with the subject: "JUST LANDED: New winter deals." *Id*. ¶ 76.

(6) A February 5, 2026 email with the subject: "Our Valentine's bundle won't wait." *Id*. ¶ 79. Plaintiff claims this subject was contradicted by a February 9, 2026 email with the subject: "DEAL Extended." *Id*. ¶¶ 79 and 81.

Plaintiff argues that the final email in each combination was actually true, and that it revealed the earlier email was (or emails were) false, meaning that he alleges six different violations of CEMA on account of these eleven emails.

Notably, the Complaint alleges that "Plaintiff received" only three of the eleven emails—the December 2, 2024, January 27, 2026, and April 18, 2025 emails mentioned above. *Id*. ¶ 96. Plaintiff does not allege that he received any of the three other challenged emails or the five emails supposedly revealing that the challenged subjects were false. *Id*. Since these emails were not sent to Plaintiff, it appears that his counsel found them in two online databases that provide examples of advertising emails for use by creative professionals—like lawyers attempting to manufacture a CEMA claim. Freeburg Decl. Ex. ¶¶ 2-4.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 3
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

Of equal import, although Plaintiff alleges he was a Washington resident when he filed the Complaint on May 14, 2026, he does not allege that he was a Washington resident on the date each email was sent. *Id*. ¶ 10.

## III. <u>ARGUMENT</u>

The Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) because it fails to state a claim for which relief can be granted. Since Plaintiff alleges Motorola deliberately violated RCW 19.190.020(1), he has the burden to describe what was actually "false or misleading" about each of the challenged subject lines, as required by CEMA. However, Plaintiff fails to identify anything actionably false in each subject, and certainly not with the particularity required by Rule 9(b). Plaintiff also did not meet his burden, as required by CEMA, to allege that he was a Washington resident when each email he actually received was sent. Plaintiff is equally unable to recover for the three challenged emails that he did not receive at all, whether a Washington resident or not. Since Plaintiff does not meet these requirements, his CEMA claim and the CPA claim based on it should both be dismissed.

**A.      Plaintiff does not state a valid CEMA claim regarding each of the emails challenged in his Complaint**

Plaintiff does not provide particularized allegations identifying violations of CEMA for each of the subject lines challenged in his Complaint. Although CEMA was recently amended, the version in force when he filed his Complaint states:

> No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: … (b) Contains *false or misleading information in the subject line.*

RCW 19.190.020(1).[2]

---

[2] Washington's Legislature amended portions of RCW 19.190.020 in Engrossed Substitute H.B. 2274, 69th Leg., Reg. Sess., ch. 135, sec. 1, 2026 Wash. Laws 1, 1–2. In this motion, Motorola takes no position about whether the statutory amendments apply to the Complaint, because it fails under either version of the statute.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 4
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

According to Washington's Supreme Court, "deciding whether a subject line is misleading requires evaluating 'the subject line alone' because CEMA 'does not regulate the body of the e-mail, only the subject line.'" *Brown*, 4 W.3d at 589 (citing *State v. Heckel*, 122 Wn. App. 60, 93 P.3d 189 (2004)). Thus, a plaintiff asserting CEMA claims must identify an actionable misstatement in the subject itself, without relying on assumptions based on language in the body of that email or other statements by the defendant.

To be actionably false, a statement must be "capable of objective verification." *Retail Wholesale v. Hewlett-Packard*, 845 F.3d 1268, 1275 (9th Cir. 2017). "[S]ubjective, unverifiable claims about a product or service are 'mere puffery' and cannot give rise to a false advertising claim." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 25 Wn.App.2d 741, 749 (2023). As explained by the Ninth Circuit:

> Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim. … Thus, a statement that is quantifiable, that makes a claim as to the "specific or absolute characteristics of a product," may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery.

*Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008).[3] Therefore, even if "statements to the effect that time is of the essence … seek to create a sense of urgency they are a form of puffing typical of the 'don't delay' exhortation that consumers hear and ignore daily." *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1400 (E.D. Cal. 1994). Similarly, "[s]tatements that characterize the speed of an action with terms like 'fast' are frequently held to be puffery." *Ledesma v. Hismile, Inc.*, 2026 WL 1146742, at \*6 (N.D. Cal. Apr. 28, 2026) (quoting *Perez v. Bath & Body Works, LLC*, 2022 WL 2756670 at \*5 (N.D. Cal. July 14, 2022)).

Moreover, a statement is only actionable if *every* reasonable interpretation of the words is objectively false. "When faced with two possible explanations, only one of which can be true and

---

[3] *Newcal* also confirms that identifying "whether an alleged misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion." *Id*.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 5
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Sec. Litig.*, 729 F.3d at 1108. "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)). Or, in the words of the Supreme Court, "a plaintiff must plead facts that, if true, 'allo[w] the court … to rule out 'obvious alternative explanation[s]' for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) (quotation omitted).

In this instance, however, Plaintiff does not show that the relevant subject lines are objectively false or misleading, instead relying only on his own assumptions about the meaning of the challenged terms. *See Sperling v. DSW*, 699 Fed. Appx. 654, 655 (9th Cir. 2017) (dismissing theory about illusory discounts, since the plaintiff failed to "allege sufficient facts to show with particularity how [and] why" reference prices were misleading.). Because Plaintiff fails to identify any actionable misstatements, his challenges should all be dismissed.

> 1.    *Plaintiff's claims are subject to the heightened pleading standards of Rule 9(b)*

Because Plaintiff's claims sound in fraud, they are subject to the heightened pleading standards of Rule 9(b). In *Vess v. Ciba-Geigy Corp. USA*, the Ninth Circuit explained that when a complaint alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim …, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." 317 F.3d 1097, 1103–04 (9th Cir. 2003). As a result of *Vess*, "[n]umerous courts in the Ninth Circuit have held that false advertising claims, whether under state unfair competition laws or otherwise, sound in fraud" and must therefore meet the heightened pleading standards of Rule 9(b). *Water & Sanitation Health, Inc. v. Rainforest All., Inc.*, 2015 WL 12657110, at *3 (W.D. Wash. Dec. 29, 2015); *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 6
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

2020) (applying Rule 9(b) to an "overarching fraudulent scheme" of false advertising "that Defendants employed as part of a 'marketing plan.'"); *see also Gordon v. Virtumundo, Inc.*, 2006 WL 3873368, at *3 (W.D. Wash. Dec. 8, 2006) (applying Rule 9(b) to CEMA), *aff'd*, 575 F.3d 1040 (9th Cir. 2009); *Quinstreet, Inc. v. Ferguson*, 2009 WL 168112, at *5 (W.D. Wash. Jan. 23, 2009) (same); *Dvornekovic v. Looney*, 2013 WL 6571935, at *2 (W.D. Wash. Dec. 13, 2013) (applying Rule 9(b) to CPA misrepresentation claim). Plaintiff does not come close to satisfying this standard.

Here, the Complaint alleges that Motorola sends "false information that Motorola knows to be inaccurate" as part of a "scheme to compel consumers to purchase its products" "by manipulatively distorting their decision-making to their detriment." Compl. ¶¶ 37, 40 and 55. According to Plaintiff, Motorola's "strategy … pair[s] false time pressures with surprise extensions which are only disclosed once the original promotion has ended," when Motorola then "knowingly extends the promotion to a new end date." *Id.* ¶ 44-45. That is just like the CEMA claim in *Gordon*, where the Plaintiff alleged "Defendants intentionally designed their e-mails to deceive Plaintiffs" and the Court held that "*Vess* therefore requires that Plaintiffs plead this averment of fraud with particularity." *Gordon*, 2006 WL 3873368, at *3. In sum, because Plaintiff's theory is "little different from a false advertising claim," it must satisfy Rule 9(b). *Rainforest All.*, 2015 WL 12657110, at *3 (dismissing CPA claim for failure to comply with Rule 9(b)); *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (applying Rule 9(b) to CPA claim alleging defendants published false interest rates); *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1122–23 (C.D. Cal. 2010) (applying Rule 9(b) to claims under California's False Advertising Law).

To satisfy Rule 9(b), the Complaint must provide particularized allegations describing the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). In other words, the Complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 7
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

why it is false." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation omitted). In this instance, that means Plaintiff must allege he actually received the challenged statements and explain why they are actionably false. He did not. As such, his claims should be dismissed.

        2.       *The Complaint does not allege that Plaintiff was a Washington resident on the date Motorola sent the challenged emails*

The Complaint does not allege that Plaintiff was a Washington resident at the time of the challenged emails, which is an independent reason for dismissal. CEMA only prohibits the delivery of a false or misleading subject line "to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident." RCW 19.190.020(1). Plaintiff alleged, on the May 14, 2026 date he filed his Complaint, that "Plaintiff Matthew Wildman is a resident of King County, Washington." Compl. ¶ 10. However, the Complaint alleges nothing about where Plaintiff was living when he received three challenged emails on December 2, 2024, April 18, 2025, and January 27, 2026, or where he was living when the other eight emails, which he does not allege receiving, were purportedly sent. CEMA does not allow new Washington residents to assert claims regarding emails they received before moving to the State. RCW 19.190.020(1). Under *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. at 557, a plaintiff must allege every element of a claim to survive a motion to dismiss. Because Plaintiff did not do so here, his claims should be dismissed.

        3.       *Plaintiff cannot state a CEMA claim regarding the three emails he did not receive*

Despite the Complaint's wide-reaching claims, it alleges that only three of the challenged emails were actually received by Plaintiff himself. Compl. ¶ 96. Because CEMA does not allow plaintiffs to recover regarding emails they did not receive, Plaintiff's claims regarding the other challenged emails (sent on February 28, 2025, January 23, 2026, and February 5, 2026) should all be dismissed. Under RCW 19.190.040(1), damages are only available "***to the recipient*** of a commercial electronic mail message … sent in violation of this chapter …" (emphasis added).

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 8
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

Likewise, under RCW 19.190.090, only "[a] person who is injured under this chapter may bring a civil action in the superior court ..." Under that provision, "the injury is receiving the e-mail that violates CEMA." *Brown*, 4 Wn.3d at 592.

Thus, "[P]laintiff need[s to] … allege that he received emails violating CEMA to state a claim under that statute." *Hoffman v. One Techs., LLC*, 2017 WL 176222, at *2 (W.D. Wash. Jan. 17, 2017); *see also Quinstreet*, 2009 WL 168112, at *5 (agreeing plaintiff must "identif[y] which 'emails he allegedly received …, how they are attributable to QuinStreet, and why they violate CEMA and CPA.'"); *Isomedia, Inc. v. Spectrum Direct, Inc*., 2009 WL 10676391, at *2 (W.D. Wash. May 27, 2009) (recognizing plaintiffs must identify who "allegedly received the emails at issue"). Since only the "recipient" of an email is entitled to relief, the Court should dismiss Plaintiff's claims regarding the emails he was not sent.

This is consistent with longstanding cases, particularly under Rule 9(b), requiring plaintiffs to plead "the circumstances constituting fraud" with particularity and to "identify which e-mails violate [CEMA] and how they run afoul of the provision." *Gordon*, 2006 WL 3873368, at *2–4; *see also Tempest v. Safeway, Inc.*, 2025 WL 3171581, at *5 (N.D. Cal. Nov. 13, 2025) (dismissing claims without "factual allegations as to what representation(s) Plaintiffs *themselves* saw, relied on, and were misled by.") (emphasis original). The Ninth Circuit has held that even "in class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lierboe v. State Farm Mutual Auto. Ins. Co.,* 350 F.3d 1018, 1022 (9th Cir. 2003) (citation omitted) (dismissing claims by a plaintiff without the injury asserted on behalf of the putative class). Other cases agree. *See, e.g., In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1012 (N.D. Cal. 2024) (holding that a plaintiff cannot recover "when the plaintiff *does not receive*, directly or indirectly, communication or *advertising from the defendant*.") (emphasis added); *Hedrick v. BSH Home Appliances Corp.*, 2024 WL 2190984, at *16 (C.D. Cal. May 14, 2024) (same). Thus, Plaintiff's claims about the February 28, 2025, January 23, 2026, and February 5, 2026 emails that he did not receive should be dismissed.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 9
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

> **4.      The Complaint does not allege that any of Motorola's subject lines were actionably false or misleading**

Because the Complaint does not allege that anything in Motorola's subject lines was actionably false, it should be dismissed. The relevant subject lines are often just three, four, or five words long, and no reasonable consumer could believe they provide everything one needs to know about a sale, let alone that these words were misleading. *Cf. Heckel*, 122 Wn. App. at 71, 93 P.3d at 194 (explaining CEMA is targeted at actual misrepresentations like "enticing the recipient to believe that the message might be from a friend …, rather than a commercial advertisement"). Taking the subject line in isolation, as Plaintiff's theory demands, requires the Court to add additional words into the subject, which it cannot do.

> **(a)      Plaintiff does not state a claim regarding Motorola's December 2, 2024 subject line**

Plaintiff is unable to identify any actionable misstatement in the December 2, 2024 email with the subject: "ONE DAY ONLY! Cyber Monday." Compl. ¶ 48. But the five words in this subject line—"ONE DAY ONLY! Cyber Monday"—are ***true.*** The subject line refers to "Cyber Monday" itself, and Cyber Monday is a single day. Thus, describing it as "one day only" is certainly correct. Indeed, "ONE DAY ONLY! Thanksgiving!" would be equally true.

Plaintiff claims that this subject line was false and misleading because Motorola sent a second email on December 4, 2024, with the subject line: "EXTENDED! Cyber Monday Savings." Compl. ¶¶ 48, 50, and 96. But Plaintiff's argument requires the Court to reinterpret the subject line of the challenged email, using extrinsic evidence, which it may not do. *Brown*, 4 Wn.3d at 594.

According to Washington's Supreme Court: "CEMA requires truthfulness in e-mail subject lines, and … such truthfulness does not depend on what the rest of the e-mail conveys." *Id*. Here, Plaintiff's theory requires the Court to ***assume*** that because the second, December 4, 2024 subject referred to "EXTENDED Cyber Monday Savings," the earlier subject line meant the same thing. But that is contrary to *Brown* and *Heckel*, which are binding statements of Washington law.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 10
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*Littlefield v. United States*, 927 F.2d 1099, 1102 (9th Cir. 1991) ("[A] federal court applying state law is bound by the decisions of that state's highest court.").

In any event, Plaintiff's attempt to reinterpret this subject line with extrinsic evidence does not create an actionable misstatement. The Cyber Monday promotion did last one day, because the December 2 and December 4 sales included a mix of different offers, at different prices, from one day to the next. Images in the body confirm many differences between the two sales. For example, although both emails mentioned the *motorola edge - 2024* phone, trade-in offers became ***smaller*** after Cyber Monday:

| December 2, 2024 | December 4, 2024 |
|---|---|
| Subject: ONE DAY ONLY! Cyber Monday" | Subject: EXTENDED! Cyber Monday Savings |
|  |  |

The text of these emails also confirms the differences between the two sales. For example, the first email contained a footer stating: "$200 off motorola razr+ 2024 and ***up to half off with trade-in***.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 11
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

… $250 off Motorola edge - 2024 and **extra $150 trade-in bonus**." Freeburg Decl. Ex. 1. By contrast, the December 4, 2024 email described: "$200 off motorola razr+ 2024 and **extra $50 trade-in bonus**. … $250 off Motorola edge - 2024 and **extra $50 trade-in bonus**." *Id*. Ex. 2. Thus, the original promotion offered on December 2, 2024, truly was available for just one day. Because these promotions were not the same, and Cyber Monday is one day, Plaintiff does not state a claim regarding the December 2, 2024 subject.

> (b)    *Plaintiff does not state a claim regarding Motorola's February 28, 2025 subject line*

Plaintiff is unable to identify any actionable misstatement in the February 28, 2025 email with the subject: "Last Call: Iconic Deals Ending Soon!" Plaintiff claims this subject was false because Motorola sent another email five days later on March 5, 2025, stating: "These deals are still blooming." Freeburg Decl. Exs. 3–4; Compl. ¶¶ 57, 59. But that later email does not transform the earlier subject into an actionable statement, let alone anything false. Rather, "Last Call" and "Ending Soon" are vague and protected puffery, not the kind of objective and verifiable statements regulated by CEMA. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (vague and highly subjective statements are protective puffery).

"Last Call" and "Ending Soon," Compl. ¶ 57, are both the kind of "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely ..." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). Neither phrase specified when a promotion would actually end (or what an Iconic Deal even meant), so they are subjective and unquantifiable, and therefore puffery. *See Perez*, 2022 WL 2756670 at *5 ("Statements that characterize the speed of an action with terms like 'fast' are frequently held to be puffery."). For example, "Ending Soon," Compl. ¶ 57, is a classic form of "puffing typical of the 'don't delay' exhortation that consumers hear and ignore daily." *Haskell*, 857 F. Supp. at 1400. This kind of "subjective exaggeration of speed" is "the type of 'outrageous generalized statements ... that are so exaggerated as to preclude reliance by consumers.'" *Ledesma,* 2026 WL 1146742, at *7. To be sure, one reader could interpret "soon" to mean a few days, while another could construe it to mean weeks. Compl. ¶ 57. But

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 12
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

simply disagreeing about the definition of "soon" does not state an actionable claim. *See Brown*, 567 P.3d at 47 ("Instances of mere puffery are not prohibited by subsection (1)(b) [of RCW 19.190.020]."). In any event, regardless of Plaintiff's personal opinions, Motorola's second email arrived only five days after the first, which is certainly subjectively "soon."

Plaintiff is equally unable to state a claim regarding "Last Call," because the phrase does not represent ***how much*** time is remaining in the "Call." *Compare* Compl. ¶ 57; *with Marks v. United Parks & Resorts, Inc*., 2025 WL 2767941, at *5 (S.D. Cal. Sept. 26, 2025) (dismissing claims about "generic 'limited time' … representations," because they did "not identify… when the purported promotion began or ended, leaving the timing of the challenged sale unclear."). The Court found that similarly vague statements about "instant" results for a teeth-whitening product were protected puffery in *Ledesma*, explaining:

> Plaintiffs' reliance on the fact that some advertisements show whitening happening within different time frames is far from a 'binary and precise' description Plaintiffs rely upon; is whitening considered 'instant' if it happens within three seconds or fifteen seconds? What if it occurred within twenty seconds or a minute? At what point in time would 'instant' no longer be an accurate description?

2026 WL 1146742, at *7–8 (finding vague timing to be non-actionable puffery). Even at a restaurant or bar, a "Last Call" is not an objective statement unless the listener has prior knowledge—or makes assumptions—about when it will end. And even if someone ***does*** know when a bar closes, quick customers can still order two drinks in a single "Last Call." This is precisely the sort of vague and subjective statement protected as puffery. *See also A.H. Lundberg Associates, Inc. v. TSI, Inc.*, 2014 WL 5365514, at *6 (W.D. Wash. Oct. 21, 2014) (considering statement puffery because it lacked "specific reference to a quantifiable or measurable feature or function.").

In any event, regardless of whether the February 28 subject was puffery, it was true. The combination of "Iconic Deals" mentioned in the earlier subject did end, and soon. The February 28 email advertised "up to $300 off" several products identified in its footer, including a "$150 moto g stylus 5G – 2024 and up to 25% off Moto Care." Freeburg Decl. Ex. 3. By contrast, the March 5 email included smaller promotions for the same phone, including only "20% off Moto

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 13
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

Care." *Id*. Ex. 4. The March 5 email also announced the start of many new promotions, including $350 off a *motorola razr - 2023* and a "Limited Edition" Paris Hilton bundle including the *xoxo razr+* phone. Because the March 5 promotion was a different sale, with a different combination of discounts, it does not demonstrate anything false in the earlier subject. Although the Complaint alleges, in conclusory fashion, that "the emails on February 28 and March 5 concern the same promotion on the same product," Compl. ¶ 60, it is contradicted by the emails themselves. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). In sum, Plaintiff's conclusory allegations do not "nudge [his] claims across the line from conceivable to plausible," as required to state a claim. *Twombly*, 550 U.S. at 570.

Requiring plaintiffs to plead facts, rather than conclusory statements, is even more important here, where Plaintiff did not even receive these two emails. *Compare* Compl. ¶¶ 57 and 59; *with* ¶ 96. Plaintiff failed to allege not just that Motorola sent these two emails to *him*, but also that Motorola even sent them to the same people. *See Isomedia, Inc.*, 2009 WL 10676391, at \*2 (recognizing plaintiffs must identify who "allegedly received the emails at issue"). Retailers routinely tailor promotions and advertising to different groups. Thus, the Court cannot presume that Motorola sent both of these emails (or offered both of these promotions) to the same customers, as required for anyone to be misled. At most, Plaintiff has alleged that Motorola ran a second, different promotion a week after one ended—rather than showing a "Last Call" was not truly "Ending Soon" for the unidentified customers who received it. Thus, Plaintiff's claims regarding the February 28, 2025 email should be dismissed.

> *(c)    Plaintiff does not state a claim regarding Motorola's April 18, 2025 subject line*

Plaintiff is unable to identify any actionable misstatement in the April 18, 2025 email with the subject: "Final Call on these spring deals," Compl. ¶¶ 63 and 96, which he challenges because of an April 21, 2025 email with the subject: "New Blooms: Up to $400 Off." *Id*. ¶¶ 65. For multiple

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 14
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

reasons, Plaintiff fails to state a CEMA claim regarding the April 18, 2025 email. Like a Last Call, a "Final Call" is not an actionable, binary statement about *how much* time is remaining. Compl. ¶ 63; *see also Marks*, 2025 WL 2767941, at *5 ("[G]eneric 'limited time' … representations" are inactionable when they do "not identify… when the purported promotion began or ended, leaving the timing of the challenged sale unclear."). Indeed, a "Final Call" could last hours, days, or—as the Rolling Stones will attest—even years. This is just like *Ledesma*, since "[a]t what point in time would" this Final Call "no longer be an accurate description?" 2026 WL 1146742, at *7. "Final Call" is vague and subjective puffery, rather than the kind of objective misstatement required for a CEMA claim.

Plaintiff also failed to allege an actionable misstatement in the April 18, 2025 subject because it only referenced a "Final Call on *these* spring deals." Freeburg Decl., Ex. 5 (emphasis added). The body of that email mentioned a combination of promotions involving six different phones. Two of the phones were no longer on sale three days later, and three other phones were discounted in different ways. Images in the April 18, 2025 email show multiple phones that were no longer discounted on April 21, while other promotions had changed:

| April 18, 2025 | April 21, 2025 |
| :---: | :---: |
| Subject: Final Call on these spring deals | Subject: New Blooms: Up to $400 Off |
| **motorola razr - 2023** <br> $699.99 $349.99 | Not Available |
| **moto g 5G - 2024** <br> $199.99 $169.99 | Not Available |
| **moto g play - 2024** <br> $149.99 $129.99 <br> • Blazing-fast Qualcomm® performance <br> + Up to 15% off Moto Care | **moto g play - 2024** <br> $149.99 $129.99 <br> • Starting at $12/month or 0% APR <br> + Extra $30 off with trade-in |

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 15
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

The text of these emails confirms the many differences between the sales. For example, the April 18 email said:

> $200 off motorola razr+ 2024 and *up to* $100 off with trade-in. ***$350 off motorola razr - 2023***, as low as $1 with trade-in and up to 20% off Moto Care. ***$30 off*** moto g 5G - 2024 ***and up to 15% off Moto Care***. $20 off moto g play - 2024 ***and up to 15% off Moto Care***. … ***$90 off moto go power 5G - 2024*** and up to 15% off Moto Care.

Freeburg Decl. Ex. 5. In contrast, the April 21, 2025 email said:

> $200 off motorola razr+ 2024 and ***an extra*** $100 off with trade-in. $***100 off Motorola razr - 2024*** and an extra $100 off with trade-in. ***$90 off*** moto g power 5G - 2024 ***and an extra $30 off with trade-in***. $20 off moto g play - 2024 ***and an extra $30 off with trade-in***. ***$200 off motorola edge - 2024***, extra $100 off with trade-in and 25% off Moto Care.

*Id*. Ex. 6. In fact, only one of the six phones mentioned on April 18, 2025 (the *motorola edge+ 2023*) was available on the same terms three days later. And the second April 21, 2025 email offered discounts on two phones (the *motorola edge - 2004* and *motorola razr - 2024*) that were not even mentioned on April 18, 2025. But the group of "these Spring Deals" available on April 18, 2025, truly was different from the "Spring Blooms" available later, and the challenged subject truthfully described the end of one group of deals, before the start of another. *See, e.g., Minick v. Tate & Kirlin Assocs*., 2005 WL 1566548, at *2 (N.D. Cal. July 5, 2005) (dismissing false urgency claims because "each offer was a new offer, with new proposed terms and a new expiration date, and there is nothing inherently misleading or deceptive—even to the least sophisticated debtor— in the common collection practice of extending a new [] offer at the expiration of the previous

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 16
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

one"); *Keating v. Nordstrom, Inc.*, 2018 WL 6431879, at *5 (D. Alaska Oct. 19, 2018) ("[N]o reasonable consumer would assume that Nordstrom is offering the lowest price in the retail market on all the goods it offers for sale based on the two price matching statements that appeared online for the shoes."). Similarly, as a matter of law, a subject line is not misleading simply "because market conditions change such that a better sale is later available." *Brown*, 567 P.3d at 47. Plaintiff's claims regarding the April 18, 2025 subject should be dismissed.

> *(d)    Plaintiff does not state a claim regarding Motorola's January 23, 2026 or January 27, 2026 subject lines*

Plaintiff is unable to identify any actionable misstatement in the January 23, 2026, email with the subject "Final call on these frosty finds" or the January 27, 2026 email with the subject: "12 HOURS LEFT." Compl. ¶¶ 68, 72 and 96. Plaintiff admits that he did not receive the January 23 email, making him unable to assert claims regarding its subject. *Id*. ¶ 96. Nonetheless, Plaintiff argues that these subject lines were both false and misleading because Motorola sent some customers (but not Plaintiff) a third email on January 28, 2026, with the subject: "JUST LANDED: New winter deals." *Id*. ¶¶ 76. In any event, all three emails referenced different promotions, and there was nothing actionably false in the January 23 or 27, 2026 subjects.

First, there was nothing actionably false or misleading in the January 23, 2026 subject stating: "Final call on these frosty finds." Compl. ¶ 68 (emphasis added). As explained above, the phrase "final call" is vague and subjective, without the kind of ***objective*** representation required for an actionable claim. *See Haskell*, 857 F. Supp. at 1400 (E.D. Cal. 1994); *Ledesma*, 2026 WL 1146742, at *7 (actionable representations must include a "'binary and precise' description" of time). Plaintiff is also unable to state a claim regarding the January 23, 2026 subject because it referred to the "Final call on ***these frosty finds***," which is another form of vague and protected puffery. This subject line does not identify the meaning of a "frosty find" or what, in particular, it includes. Thus, "final call" and "frosty finds," Compl. ¶ 68, are both the kind of "vague or highly subjective terms that cannot be substantiated" and cannot sustain a claim under CEMA. *Brown*, 4 Wn.3d at 596.

| | |
|---|---|
| DEFENDANT MOTOROLA MOBILITY LLC'S | DLA Piper LLP (US) |
| MOTION TO DISMISS - 17 | 701 Fifth Avenue, Suite 6900 |
| No. 2:26-cv-2121 | Seattle, WA 98104-7029 |
| | Tel: 206.839.4800 |

In any event, the January 23, 2026 email did truthfully describe the end of numerous promotions. For example, that email described bundles available with three phones, the *motorola razr+ 2025*, *moto g power - 2025*, and *moto g stylus - 2024*, which were no longer discounted on January 27 or 28. The January 23 email explained: "Add motorola razr+ 2025, moto g power - 2025, … or moto g stylus - 2024 to cart, moto tag will be added to cart for you automatically, no promo code needed." Freeburg Decl. Ex. 7. As the images showed, the three phones were offered with a free moto tag on January 23, and not at all in the latter two sales:

| January 23, 2026 | | January 27, 2026 | January 28, 2026 |
|---|---|---|---|
| Subject: Final call on these frosty finds | | Subject: 12 Hours Left | Subject: Just Landed: New winter deals |
| | | Not Available | Not Available |

Exs. 7-9. As such, the January 23, 2026 subject truthfully described the end to that group of deals.

Plaintiff also fails to state an actionable claim regarding the January 27, 2026 subject: "12 HOURS LEFT." Compl. ¶¶ 72 and 96. Just like prior emails, the January 27 email referenced numerous promotions that were not offered in the final deal. For example, Motorola offered

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 18
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

different prices for its *razr ultra* phone, which was offered with two free products on January 27, but only one (and at a different price) on January 28:

| January 27, 2026 | January 28, 2026 |
|---|---|
| Subject: 12 HOURS LEFT | Subject: JUST LANDED: New winter deals |
|  |  |

*Compare* Freeburg Exs. 8–9. The text confirms the many differences between these sales. For example, the January 27, 2026 email explained: "Add motorola razr ultra to cart, moto buds+ ***and moto watch fit*** will be added to cart for you automatically, no promo code need." Freeburg Decl. Ex. 9. By contrast, the January 28 email said: "Add motorola razr ultra to cart, ***and moto buds+ will be added to cart for you automatically***, no promo code need." *Id*. Prices also changed from one day to the next, as Motorola offered its three-product bundle for $700 on January 27, and its two-product bundle for $500 on January 28. *Compare id*. Exs. 8-9.

In any event, Plaintiff cannot identify anything actionably false or misleading in the phrase "12 Hours Left." That January 27 subject did not identify ***what*** was remaining for 12 hours, as it is not a complete sentence, or a complete offer, or a complete ***anything***. Indeed, a plaintiff could always find something about a store that stays the same 12 hours after a sale. *See Cruz v. Kate Spade & Co., LLC*, 2020 WL 5848095, at *4 (D. Nev. Sept. 30, 2020) (dismissing allegations

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 19
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

about deceptive prices because "Any person could go to any outlet store, purchase any item, and then write this same complaint").[4] In this instance, there truly were just 12 hours remaining for the three-product bundle described in Motorola's January 27 email. But Plaintiff asks the Court to interpret "12 Hours Left" to mean that there were only 12 hours left for *any* of the promotions in Motorola's January 27, 2026 email, even though its subject line says nothing of the sort. Plaintiff could just as easily construe "12 Hours Left" to mean that it is the last opportunity to buy anything from Motorola, ever again. And adopting Plaintiff's preferred meaning requires the Court to find a misrepresentation based on extrinsic evidence outside "the subject line alone," which it cannot do. *Brown*, 4 W.3d 589. Because there are many different ways to interpret "12 Hours Left," Plaintiff must provide "something more" to prove that only his own interpretation is correct. *In re Century Aluminum Sec. Litig.*, 729 F.3d at 1108. As a matter of Washington law, he cannot. As such, Plaintiff's claims regarding the January 27, 2026 email should be dismissed.

> *(e)*    *Plaintiff does not state a claim regarding Motorola's February 5, 2026 subject line*

Plaintiff is unable to identify any actionable misstatement in the February 5, 2026 email with the subject: "Our Valentine's bundle won't wait." Plaintiff claims that subject is contradicted by a February 9, 2026 email with the subject: "DEAL EXTENDED $700 off Motorola razr ultra 1TB." Freeburg Decl. Exs. 10–11; Compl. ¶¶ 79 and 81. Plaintiff does not explain how anything in the February 5, 2026 subject line was actionably false, since it represented nothing about when the sale would end, what it means for a "bundle" to "wait," or how this vague statement could support a claim under CEMA. The phrase contains no specific, measurable countdown, no concrete standard, and no objective benchmark. There is nothing "quantifiable" about the claim,

---

[4] Likewise, Plaintiff's counsel in *this* case have filed dozens of nearly identical complaints since *Brown*, 4 W.3d at 589, 567 P.3d 38 (2025). Courts must use "judicial experience and common sense," especially when evaluating "carbon-copy complaints" that "use identical language to state the same conclusory allegations." *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68, 77 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 679); *see also Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022) (recognizing that "the use of form complaints containing a multitude of boilerplate allegations" is "[a] hallmark of abusive … litigation").

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 20
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

which says nothing about any "specific or absolute characteristics of the product." *Id.*; s*ee also Babb v. Regal Marine Indus., Inc.*, 179 Wn. App. 1036 (2014); *Haskell*, 857 F. Supp. at 1401 (considering unquantifiable promotional statements like "finalist" or "one step away" to be puffery). Under Washington law, this is a "general, subjective" statement that is "extremely unlikely to induce consumer reliance" and is therefore non-actionable puffery. *A.H. Lundberg Associates, Inc.*, 2014 WL 5365514, at *6.

"[T]o the extent these statements amount to more than puffery, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Momtazee v. Fed. Ins. Co.*, 2025 WL 3190788, at *4 (C.D. Cal. Sept. 30, 2025) (quoting *Vess*, 317 F.3d at 1106); *see also Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) ("The falsity of the representation must [] be alleged with particularity."). Plaintiff has not done so here. Nor could he. Tellingly, unlike the other challenged emails, Plaintiff does not even attempt to allege that the February 5 and 9 subjects relate to the same products, pricing, or terms. *See* Compl. ¶¶ 79-83. Instead, Plaintiff simply asserts that the "February 9 email confirmed the falsity of the information in the subject heading of the February 5 email." *Id*. ¶ 83. That defect is fatal, because Plaintiff cannot rely on a bare legal conclusion in place of the factual allegations required by *Iqbal* and *Twombly*. *See Marks*, 2025 WL 2767941, at *5 (alleging "[t]hat Defendant's tickets are 'always on sale,' does not inherently render these particular sales false or misleading").

The reason for Plaintiff's omission is apparent from the emails themselves: the February 5 and 9 emails did not advertise the same sales. The February 5 promotion offered specific Valentine's bundles containing the *moto g play - 2026*, *the moto g power - 2026*, and the *moto g - 2026* phones, along with a free *moto tag*. Freeburg Decl. Ex. 10. However, those bundles—and the *moto tag* promotion—were completely absent from the February 9 sale. *See id.*, Ex. 11. Thus, the court can disregard Plaintiff's allegation that "it was not the last chance for customers to obtain the promotion," Compl. ¶ 84, which is contradicted by the exhibits themselves.

Comparing the two emails confirms:

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 21
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

| February 5, 2026 | February 9, 2026 |
|---|---|
| Subject: Our Valentine's bundle won't wait | Subject: DEAL EXTENDED $700 off Motorola razr ultra 1TB. |



The February 9 email also announced discounts on new products (the *moto g power - 2024* and the *moto g stylus – 2025*) that were not part of the "Valentine's bundles." *Id.* In other words, the February 9 email did not extend the February 5 bundle—it advertised a different set of promotions. Far from proving falsity, these emails show that the February 5 bundles did not, in fact, "wait"—meaning Plaintiff cannot state a claim. A bare conclusion is not a substitute for facts,

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 22
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

and Plaintiff's conclusory allegations do not support an inference that the February 5 email's subject line was false. *See Iqbal*, 556 U.S. at 678 (a complaint must contain factual allegations sufficient to state a claim that is plausible, not merely possible, on its face).

Finally, Plaintiff's failure to allege that not just he, but anyone, received both of these emails makes it impossible to show that the second email contradicted the first. Plaintiff admits that neither of these emails was sent to him, and his failure to allege Motorola sent both emails (or offered the same promotions) to the same people makes it impossible to show that the second email contradicted the first. *See Isomedia, Inc.*, 2009 WL 10676391, at *2. Instead, Plaintiff's conclusory assertions do not meet his burden to allege a plausible claim, and his theory about the February 5, 2026 subject should be dismissed. For each of these reasons, the Complaint does not identify anything actionably false or misleading in the challenged emails, which should all be dismissed.

**B.    The Complaint's CPA claim is wholly derivative and should be dismissed**

Because the Complaint fails to state a CEMA claim, its CPA claim fails as well. *Virtumundo*, 575 F.3d at 1065-66 ("Because [plaintiff's] CEMA claims fail as a matter of law, his CPA claims, to the extent grounded in CEMA violations, are likewise inadequate and were properly dismissed."). Plaintiff does not allege an independent CPA claim, and because Plaintiff's CEMA claim requires dismissal, his CPA claim fails as well. *See, e.g., Wick v. Twilio Inc.*, 2017 WL 2964855, at *6 (W.D. Wash. July 12, 2017) ("To the extent plaintiff has alleged that the transmission of an electronic commercial text message in violation of CEMA is a per se violation of the CPA, plaintiff has failed to adequately allege a CEMA violation and may not, therefore, pursue a derivative CPA claim."); *Chen v. Sur La Table*, 655 F.Supp.3d 1082, 1093 (W.D. Wash.) (dismissing CPA claim because plaintiff failed to state CEMA claim). Thus, the Complaint's CPA claim should be dismissed.

Nor could Plaintiff allege a standalone claim under the CPA, which requires plaintiffs to allege five elements: "(1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered." *Meade v. Profusion*

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 23
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*Cosmetics Corp.*, 2026 WL 2098093, at \*5 (W.D. Wash. July 16, 2026). However, when basing a claim on deceptive emails, "[a] successful CEMA claim establishes only the first three elements" of the CPA. *Id.* "The CPA still requires the plaintiff to show the defendant caused injury to their business or property." *Id.* Vague or conclusory references to harm, without more, do not satisfy that requirement. *Id.* (dismissing CPA claim because plaintiff alleged only, in conclusory fashion, that emails constituted "harassment"). Here, the Complaint alleges no injury to Plaintiff's business or property whatsoever. That omission is independently fatal to the CPA claim, which should be dismissed.

## IV.    CONCLUSION

For all of these reasons, the Court should dismiss Plaintiff's Complaint, with prejudice.

Dated: July 24, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg\**
Anthony Todaro, WSBA No. 30391
David Freeburg, WSBA No. 48935
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4800
E-mail: *Anthony.Todaro@us.dlapiper.com*
E-mail: *David.Freeburg@us.dlapiper.com*
E-mail: *Danielle.Igbokwe@us.dlapiper.com*

*Attorneys for Defendant Motorola Mobility LLC*

\*I certify that this memorandum contains currently 7,925 words, in compliance with the Local Civil Rules.

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 24
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 24th day of July, 2026.

*s/ David Freeburg*
David Freeburg

DEFENDANT MOTOROLA MOBILITY LLC'S
MOTION TO DISMISS - 25
No. 2:26-cv-2121

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800